IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NANETTE MALLARD, INDIVIDUALLY AND
ON BEHALF OF ALL HEIRS-AT-LAW AND/OR
WRONGFUL DEATH BENEFICIARIES OF
JAMAAL MALLARD, DECEASED, AND THE
ESTATE OF JAMAAL MALLARD                                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 3:17-cv-216-CWR-FKB

CITY OF JACKSON, ET AL.                                                     DEFENDANTS

## ORDER

Before the Court is Plaintiffs' Motion to Strike [67] the City of Jackson's Expert Designation of Richard Lichten. For the reasons described below, the Court finds that the motion should be denied, but that Plaintiffs should be permitted to take Lichten's deposition out-of-time should they so choose.

The City of Jackson had until January 22, 2018, to designate experts in this matter. *See* Text-Only Order of January 3, 2018. On January 18, 2018, the City designated Richard Lichten as its liability expert. [66]. The City's designation provided a list of general subject areas of Lichten's anticipated testimony, and included a copy of his curriculum vitae. *See id.*; [66-1] at 1-13. The designation did not, however, include an expert report signed by Lichten, as required by Fed. R. Civ. P. 26(a)(2) and L.U.Civ.R. 26(a)(2).

On February 2, 2018, Plaintiffs filed their motion to strike [67], citing the City's failure to comply with Fed. R. Civ. P. 26(a)(2) and L.U.Civ.R. 26(a)(2). *See* [68]. That same day, the City provided the required expert report from Lichten. [69]; [72]. The City explained that it had retained Lichten on January 8, 2018, and had not yet received the report as of its designation on January 18, 2018. [72] at 1-2; [73] at 2. Plaintiffs, in their rebuttal, cite no deficiency in the report they

1

received, only contending that they would suffer prejudice if the Court allowed the City's expert designation that was eleven (11) days late. [75] at 2-3.

L.U.Civ.R. 26(a)(2)(B) states that "[a]n attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or *sua sponte* by the court." Based on this Court's local rule, the City's designation is late and subject to being stricken. The Fifth Circuit Court of Appeals directs that when considering whether to strike a late expert designation, the Court should consider the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

The City's explanation for failure to provide Lichten's report timely fails to justify the late designation. Obviously, if the City did not have Lichten's report by the designation deadline, it was incumbent on the City to file a second motion for extension of time to designate. The City failed to do that, and this factor weighs in favor of granting the motion to strike. However, all of the remaining factors weigh in favor of denying the motion to strike. Lichten's testimony is critical to the City's defense; Plaintiffs have failed to identify any specific prejudice they would suffer from an eleven-day late designation; and with no prejudice, a continuance is unnecessary. The Court notes, however, that the discovery deadline expired on February 20, 2018, and this case is set for trial for the two-week term of court beginning August 6, 2018. Under the circumstances, the Court finds that Plaintiffs should be allowed, if they so choose, to depose Lichten prior to trial. The Court, therefore, orders that Plaintiffs may notice and take Lichten's deposition, but his deposition must be completed by July 6, 2018.

SO ORDERED, this the 18th of May, 2018.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE